**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Victoria Matthews, Administrator of the Estate of Cody Bohanan, | : | Case No. 1:22-cv-00380 |
| | : | Judge Michael R. Barrett |
| Plaintiffs, | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | ***Jury Demand Endorsed Hereon*** |
| Butler County, *et al.* | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS

Now come Defendants, Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody by and through counsel, and for their answer to Plaintiff's Complaint herein state as follows:

1.      As to paragraph 1 of Plaintiff's Complaint, the answering Defendants deny that they failed "to provide adequate medical care to Cody Bohanan." Further answering, Defendants deny that Mr. Bohanan was "repeatedly denied the opportunity to be assessed, evaluated, or treated by qualified medical practitioners despite his excruciating pain, obvious physical symptoms and repeated requests for care." As to the remaining allegations contained in paragraph 1 of Plaintiff's Complaint, the answering Defendants aver that the allegations state conclusions, without asserting facts, to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      As to paragraph 2 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      As to paragraph 3 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      As to paragraph 4 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      As to paragraph 5 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      As to paragraph 6 of Plaintiff's Complaint, the answering Defendants deny for want of knowledge the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      As to paragraph 7 of Plaintiff's Complaint, the answering Defendants admit that "Defendant Butler County, Ohio is a unit of local government organized under the laws of the state of Ohio." As to the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge each and every allegation contained in paragraph 7 of Plaintiff's Complaint not specifically admitted herein as true.

8. As to paragraph 8 of Plaintiff's Complaint, the answering Defendants aver that the allegations are vague and ambiguous and, on that basis, the answering Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. As to paragraph 9 of Plaintiff's Complaint, the answering Defendants admit that Defendant Sheriff Richard K. Jones is and was at all times relevant to this action the duly elected Sheriff of Butler County. As to the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. As to paragraph 10 of Plaintiff's Complaint, the answering Defendants admit that Defendant Dr. Anthony Abdullah is and was at all times relevant to this action employed with Butler County Sheriff Office as Medical Director. As to the remaining allegations contained in paragraph 10 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. As to paragraph 11 of Plaintiff's Complaint, the answering Defendants admit that Defendant Steve Purdy is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a physician assistant. As to the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     As to paragraph 12 of Plaintiff's Complaint, the answering Defendants admit that Defendant Brian Ruhl is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a medical administrator. As to the remaining allegations contained in paragraph 12 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     As to paragraph 13 of Plaintiff's Complaint, the answering Defendants admit that Defendant Carla Estep is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a medical supervisor. As to the remaining allegations contained in paragraph 13  of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     As to paragraph 14 of Plaintiff's Complaint, the answering Defendants admit that Defendant Timothy Vaughn is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a medical supervisor. As to the remaining allegations contained in paragraph 14  of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     As to paragraph 15 of Plaintiff's Complaint, the answering Defendants admit that Defendant Jamie Pearson is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a paramedic. As to the remaining allegations contained in paragraph 15

of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     As to paragraph 16 of Plaintiff's Complaint, the answering Defendants admit that Defendant Megan Biegel was at all times relevant to this action employed with the Butler County Sheriff's Office as a paramedic. As to the remaining allegations contained in paragraph 16 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     As to paragraph 17 of Plaintiff's Complaint, the answering Defendants admit that Defendant Brandon Wood is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 17 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     As to paragraph 18 of Plaintiff's Complaint, the answering Defendants admit that Defendant Aaron Green is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 18 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the

answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     As to paragraph 19 of Plaintiff's Complaint, the answering Defendants admit that Defendant Christopher Benoit is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 19  of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     As to paragraph 20 of Plaintiff's Complaint, the answering Defendants admit that Defendant Brenden Kelly was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 20 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     As to paragraph 21 of Plaintiff's Complaint, the answering Defendants admit that Defendant James Guard is and was at all times relevant to this action employed with the Butler County Sheriff's Office a corrections officer. As to the remaining allegations contained in paragraph 21 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     As to paragraph 22 of Plaintiff's Complaint, the answering Defendants admit that Defendant Billy McGuire is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 22 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     As to paragraph 23 of Plaintiff's Complaint, the answering Defendants admit that Defendant Tara Ghalley is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 23 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     As to paragraph 24 of Plaintiff's Complaint, the answering Defendants admit that Defendant Joshua Langmann is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 24 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     As to paragraph 25 of Plaintiff's Complaint, the answering Defendants admit that Defendant Keifer Moody was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 25

of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. As to paragraph 26 of Plaintiff's Complaint, the answering Defendants admit that Cody Bohanan was sentenced in the City of Fairfield Municipal Court to 60 days for possession of drug abuse instruments. Defendants also admit Mr. Bohanan was 24 years old.

27. As to paragraph 27, the answering Defendants admit the Fairfield Police Department transported  Mr. Bohanan to the Butler County Jail on July 1, 2021. Further answering, the Defendants deny for want of knowledge the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28. As to paragraph 28 of Plaintiff's Complaint, the answering Defendants admit that Mr.  Bohanan was booked into the Butler County Jail. Further answering, Defendants aver that the remaining allegations contained in paragraph 28 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the remaining allegations contained in paragraph 28 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that on the Medical Screening form for Mr. Bohanan the answer to question #8 "In the past 6 months have you used other drugs (pot, coke, heroin or other opioids, uppers/downers, hallucinogens or inhalants)", the answer noted is "yes, heroin, fentonyl [sic]" The answering Defendants deny any remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     As to paragraph 29 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan was booked into the Butler County Jail. Further answering, Defendants aver that the remaining allegations contained in paragraph 29 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the remaining allegations contained in paragraph 28 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that on the Medical Screening form for Mr. Bohanan the answer to question #8 "In the past 6 months have you used other drugs (pot, coke, heroin or other opioids, uppers/downers, hallucinogens or inhalants)", the answer noted is "yes, heroin, fentonyl [sic]" The answering Defendants deny any remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     As to paragraph 30 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan died on July 5, 2021. The answering Defendants deny the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     As to paragraph 31 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 31.

32.     As to paragraph 32 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 32 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that officers Benoit, Wood, Lagemann,

Ghalley, Green, McGuire, Kelly, Guard, and Moody completed rounds in E-block. The answering Defendants deny the remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

33.     As to paragraph 33 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     As to paragraph 34 of Plaintiff's Complaint, the answering Defendants admit that on or about July 2, 2021 Mr. Bohanan vomited on his uniform and Defendant Green allowed Cody to take a shower when it was not his rec time and obtain a clean uniform. The answering Defendants deny the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35.     As to paragraph 35 of Plaintiff's Complaint, the answering Defendants admit that Defendant Green allowed Mr. Bohanan to shower when it was not his rec time. The answering Defendants further admit that Mr. Bohanan refused several direct commands to leave the shower. The answering Defendants deny the remaining allegations in paragraph 35 of Plaintiff's Complaint.

36.     As to paragraph 36 of Plaintiff's Complaint, the answering Defendants admit that Defendant Green placed Mr. Bohanan in an escort position, assisted Mr. Bohanan with getting dressed in his uniform, and escorted Mr. Bohanan back to his cell. The answering Defendants deny the remaining allegations in paragraph 36 of Plaintiff's Complaint.

37.     As to paragraph 37 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 33 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that Defendant Green documented his

10

interaction with Mr. Bohanan. The answering Defendants deny the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38.     As to paragraph 38 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives  that Mr. Bohanan left towels with vomit on them on the floor. The answering Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     As to paragraph 39 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives regarding Mr. Bohanan's attempt to seek medical care. The answering Defendants deny the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     As to paragraph 40 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives that Mr. Bohanan puked at least twelve times. The answering Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     As to paragraph 41 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives that a corrections officer dragged Mr. Bohanan off the floor and placed him back in his bunk. The answering Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     As to paragraph 42 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan was seen by a paramedic the morning of July 3, 2021. The answering Defendants deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43. As to paragraph 43 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 43 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that the intake screening for Mr. Bohanan indicates "inmate notes he is withdrawing from opiates and etoh." The answering Defendants deny the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44. As to paragraph 44 of Plaintiff's Complaint, the answering defendants admit only that withdrawing from drugs and alcohol can be a serious medical need.

45. As to paragraph 45 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 45 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that Mr. Bohanan stated that his cellmate punched him one time on the left side of his face. Defendants also admit that Pearson noted Mr. Bohanan had no bruising, marks, swelling or lacerations to the left side of his face. The answering Defendants deny the remaining allegations in paragraph 45 of Plaintiff's Complaint.

46. As to paragraph 46 of Plaintiff's Complaint, the answering Defendants admit only that a head injury can be a serious medical need.

47. As to paragraph 47 of Plaintiff's Complaint, the answering Defendants aver that the allegation are vague and ambiguous, and, on that basis, the answering Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. As to paragraph 48 of Plaintiff's Complaint, the answering Defendants aver that Mr. Bohanan's cellmate took the top bunk. The answering Defendants deny the remaining allegations for paragraph 48.

49. As to paragraph 49 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives that Mr. Bohanan puked blood. The answering Defendants deny the remaining allegations for paragraph 49.

50. As to paragraph of 50 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 50.

51. As to paragraph 51 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 51.

52. As to paragraph 52 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 52 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that a paramedic assessed Mr. Bohanan and monitored his vitals on July 4, 2021. The answering Defendants deny the remaining allegations of paragraph 52.

53. As to paragraph 53 of Plaintiff's Complaint, the answering Defendants admit Mr. Bohanan's final cellmate indicated that he observed Mr. Bohanan change sleeping positions. The answering Defendants deny the remaining allegations of paragraph 53.

54. As to paragraph 54 of Plaintiff's Complaint, the answering Defendant admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives indicating the cellmate asked a correction officer during recreation time

13

if there was anything he could do for Mr. Bohanan, that Mr. Bohanan "has not touched a bit food, he has not ate one time, he has not drank anything, he's not done nothing."

55.     As to paragraph 55 of Plaintiff's Complaint,  the answering Defendants deny the allegations in paragraph 55.

56.     As to paragraph 56 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 56.

57.     As to paragraph 57 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 57 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that on or about July 5 at 11:24 a.m.  Defendant Paramedic Megan Biegel recorded Mr. Bohanan's vital signs.

58.     As to paragraph 58 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 58 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that Paramedic Biegel assessed Mr. Bohanan while he was seated on the cell floor. The answering Defendants deny the remaining allegations of paragraph 58.

59.     As to paragraph 59 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan indicated that he was detoxing from opiates and alcohol, vomiting and had diarrhea. Defendants further admit Mr. Bohanan had a measured pulse of 130. The answering Defendants deny the remaining allegations of paragraph 59.

60.     As to paragraph 60 of Plaintiff's Complaint, the answering Defendants admit only that Mr. Bohanan was not referred to or seen by a doctor. The answering Defendants aver that the remaining allegations are vague and ambiguous, and, on that basis, the answering Defendants deny the remaining allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     As to paragraph 61, the answering Defendants admitted that on or about 11:04 p.m. on July 5, Corrections Officer Brandon Wood began rounds to pass out shaving razors.

62.     As to paragraph 62 of Plaintiff's Complaint, the answering Defendants admit that a jail tour group completed security rounds. The answering Defendants deny the remaining allegations of paragraph 62.

63.     As to paragraph 63 of Plaintiff's Complaint, the answering Defendants admit the allegations in paragraph 63.

64.     As to paragraph 64 of Plaintiff's Complaint, the answering Defendants admit that Officer Wood radioed for medical assistance and corrections officers performed CPR on Mr. Bohanan. The answering Defendants deny the remaining allegations of paragraph 64.

65.     As to paragraph 65 of Plaintiff's Complaint, the answering Defendants admit Paramedic Ricke noted Mr. Bohanan had cold pale skin.

66.     As to paragraph 66 of Plaintiff's Complaint, the answering Defendants admit the allegations in paragraph 66.

67.     As to paragraph 67 of Plaintiff's Complaint, the answering Defendants admit the City of Hamilton Fire Department arrived at approximately 11:33 pm and subsequently took over Mr. Bohanan's care.

68.     As to paragraph 68, the answering Defendants admit that after attempting life-saving actions, the Hamilton paramedics, through medical control, pronounced Mr. Bohanan dead at approximately 11:50 pm on July 5, 2021.

69.     As to paragraph 69 of Plaintiff's Complaint, the answering Defendants admit only that the coroner opined that the cause of death of Mr. Bohanan was complications of chronic substance use. The answering Defendants deny the remaining allegations of paragraph 69.

70.     As to paragraph 70 of Plaintiff's Complaint, the answering Defendants deny the allegations of paragraph 70.

71.     As to paragraph 71 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 71 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 71.

72.     As to paragraph 72 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.     As to paragraph 73 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     As to paragraph 74 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     As to paragraph 75 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     As to paragraph 76 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.     As to paragraph 77 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     As to paragraph 78 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.     As to paragraph 79, of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.     As to paragraph 80 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.     As to paragraph 81 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.     As to paragraph 82 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     As to paragraph 83 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     As to paragraph 84 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.     As to paragraph 85 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.     As to paragraph 86 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     As to paragraph 87 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     As to paragraph 88 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 88 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 88.

89.     As to paragraph 89 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     As to paragraph 90 of Plaintiff's Complaint, the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 90.

91.     As to paragraph 91 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     As to paragraph 92 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     As to paragraph 93 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 93 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 93.

94.     As to paragraph 94 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 94 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 94.

95.     As to paragraph 95 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required the answering Defendants deny the allegations contained in paragraph 95 of Plaintiff's Complaint including all subparts.

96.     As to paragraph 96 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.     As to paragraph 97 of Plaintiff's Complaint, the answering Defendants admit that inmate Diann Pink died while in the Butler County Jail. The answering Defendants also admit that the coroner opined that the cause of death of Ms. Pink was complications of chronic opioid use.

98.     As to paragraph 98, the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     As to paragraph 99, the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.     As to paragraph 100 of Plaintiff's Complaint, the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

101.     As to paragraph 101 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 101 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 101.

102.     As to paragraph 102 of Plaintiff's Complaint, the answering Defendants admit only that Mr. Bohanan was not personally seen or personally treated by a medical doctor while at the jail.

103.     As to paragraph 103 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint.

104.     As to paragraph 104 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105.     As to paragraph 105 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106.     As to paragraph 106 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

107.     As to paragraph 107 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 107 of Plaintiff's Complaint.

108.     As to paragraph 108 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 108 of Plaintiff's Complaint.

109.     As to paragraph 109 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 109 of Plaintiff's Complaint.

110.     As to paragraph 110 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 110 of Plaintiff's Complaint.

111.     As to paragraph 111 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.     As to paragraph 112 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

113.     As to paragraph 113 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.     As to paragraph 114 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.     As to paragraph 115 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 115 of Plaintiff's Complaint.

116.     As to paragraph 116 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 116 of Plaintiff's Complaint.

117.    As to paragraph 117, the answering Defendants restate their answers to paragraphs 1 through 116 as if fully rewritten herein.

118.    As to paragraph 118 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.    As to paragraph 119 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.    As to paragraph 120 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.    As to paragraph 121 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.    As to paragraph 122 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 122 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 122.

123.    As to paragraph 123 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 123 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 123.

124.    As to paragraph 124 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 124 of Plaintiff's Complaint.

125.     As to paragraph 125 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.     As to paragraph 126 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint including all subparts.

127.     As to paragraph 127 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 127 of Plaintiff's Complaint.

128.     As to paragraph 128 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 128 of Plaintiff's Complaint.

129.     As to paragraph 129 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.     As to paragraph 130 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.     As to paragraph 131 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 131 of Plaintiff's Complaint.

132.     As to paragraph 132 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 132 of Plaintiff's Complaint.

133.     As to paragraph 133 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

134.      As to paragraph 134 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.     As to paragraph 135 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 135 of Plaintiff's Complaint.

136.     As to paragraph 136 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 136 of Plaintiff's Complaint.

137. As to paragraph 137 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 137 of Plaintiff's Complaint.

138. As to paragraph 138, the answering Defendants restate their answers to paragraphs 1 through 137 as if fully rewritten herein.

139. As to paragraph 139 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 139 of Plaintiff's Complaint.

140. As to paragraph 140 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 140 of Plaintiff's Complaint.

141. As to paragraph 141 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 141 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 141.

142. As to paragraph 142 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 142 of Plaintiff's Complaint.

143. As to paragraph 143 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 143 of Plaintiff's Complaint.

144. As to paragraph 144, the answering Defendants restate their answers to paragraphs 1 through 143 as if fully rewritten herein.

145. As to paragraph 145 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 145 of Plaintiff's Complaint.

146. As to paragraph 146 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 146 of Plaintiff's Complaint.

147. As to paragraph 147 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 147 of Plaintiff's Complaint.

148. As to paragraph 148 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 148 of Plaintiff's Complaint.

149. As to paragraph 149 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 149 of Plaintiff's Complaint.

150. As to paragraph 150 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 150 of Plaintiff's Complaint.

151. As to paragraph 151, the answering Defendants restate their answers to paragraphs 1 through 150 as if fully rewritten herein.

152. As to paragraph 152 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 152 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 152.

153. As to paragraph 153 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 153 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 153.

154. As to paragraph 154 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 154 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 154.

155.     As to paragraph 155 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 155 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 155.

156.     As to paragraph 156 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 156 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 156.

157.     As to paragraph 157 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 157 of Plaintiff's Complaint.

158.     As to paragraph 158 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 158 of Plaintiff's Complaint.

159.     As to paragraph 159 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 159 of Plaintiff's Complaint.

160.     As to paragraph 160, the answering Defendants restate their answers to paragraphs 1 through 159 as if fully rewritten herein.

161.     As to paragraph 161 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 161 of Plaintiff's Complaint.

162.     As to paragraph 162 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 162 of Plaintiff's Complaint.

163.     As to paragraph 163 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 163 of Plaintiff's Complaint.

164.     As to paragraph 164 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 164 of Plaintiff's Complaint.

165. As to paragraph 165, the answering Defendants restate their answers to paragraphs 1 through 164 as if fully rewritten herein.

166. As to paragraph 166 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 166 of Plaintiff's Complaint.

167. As to paragraph 167 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 167 of Plaintiff's Complaint.

168. As to paragraph 168 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 168 of Plaintiff's Complaint.

169. As to paragraph 169 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 169 of Plaintiff's Complaint.

170. As to paragraph 170, the answering Defendants restate their answers to paragraphs 1 through 169 as if fully rewritten herein.

171. As to paragraph 171 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 171 of Plaintiff's Complaint.

172. As to paragraph 172 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 172 of Plaintiff's Complaint.

173. As to paragraph 173 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 173 of Plaintiff's Complaint.

174. The answering Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein as true.

## **FIRST DEFENSE**

175. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

176.    Plaintiff and/or the decedent, Cody Bohanan, has or may have failed to exhaust all administrative remedies.

## THIRD DEFENSE

177.    Decedent Cody Bohanan's conduct, in whole or in part, bars Plaintiff's claims for relief.

## FOURTH DEFENSE

178.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of consent.

## FIFTH DEFENSE

179.    Plaintiff's claims are barred because the decedent, Cody Bohanan, assumed the risk of the injuries that are alleged to exist.

## SIXTH DEFENSE

180.    Plaintiff is barred from relief due to the extent and degree of the decedent's negligence.

## SEVENTH DEFENSE

181.    Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

## EIGHTH DEFENSE

182.    Plaintiff's claims may be barred by her failure to join any party or parties under Rule 19 and/or 19.1.

**NINTH DEFENSE**

183.    Plaintiff's claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which he prays, or  because this matter as brought is non-justiciable.

**TENTH DEFENSE**

184.    Plaintiff's claims for damages may be barred, in whole or in part, by prior to, subsequent intervening or superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom the answering Defendants had no control or right of control.

**ELEVENTH DEFENSE**

185.    The answering Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

**TWELFTH DEFENSE**

186.    Plaintiff's claims against the answering Defendants are expressly subject to, barred or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

**THIRTEENTH DEFENSE**

187.    Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against the answering Defendants.

**FOURTEENTH DEFENSE**

188.    Plaintiff's claims for punitive damages cannot be sustained because the conduct of the answering Defendants did not show complete indifference to or conscious disregard for the safety of others.

## FIFTEENTH DEFENSE

189.    Plaintiff's claims for punitive damages are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

## SIXTEENTH DEFENSE

190.    To the extent Plaintiff seeks punitive damages or exemplary damages against the answering Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

## SEVENTEENTH DEFENSE

191.    The answering Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

## EIGHTEENTH DEFENSE

192.    Plaintiff is barred from relief because the answering Defendants acted in good faith.

## NINETEENTH DEFENSE

193.    Plaintiff is barred from relief because the answering Defendants acted lawfully at all times.

## TWENTIETH DEFENSE

194.    Plaintiff's claims against the answering Defendants may be expressly subject to, barred, or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

## TWENTY-FIRST DEFENSE

195.    Plaintiff's claims may be impacted by the Prison Litigation Reform Act, including any authorization of attorney's fees.

## TWENTY-SECOND DEFENSE

196.   The answering Defendants are entitled to a limitation on damages pursuant to Ohio Revised Code §2323.43 *et seq.*

## TWENTY-THIRD DEFENSE

197.   Some or all of the answering Defendants are not sui juris.

## TWENTY-FOURTH DEFENSE

198.   The answering Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendants Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody demand that Plaintiff's claims against these Defendants be dismissed in their entirety and with prejudice.

Respectfully Submitted,

s/ Daniel T. Downey
Melanie J. Williamson (0079528)
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
mwilliamson@fisheldowney.com
*Attorneys for Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody*

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues herein triable.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Answer of Defendants to Plaintiff's Complaint* was served, via the Court's CM/ECF system, upon all counsel this 14th day of October 2022.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody*