# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **VICTORIA MATTHEWS, ADMINISTRATOR OF THE ESTATE OF CODY BOHANAN,** <br><br>          Plaintiff, <br> -vs- <br><br> **BUTLER COUNTY, ET AL.,** <br><br>          Defendants. | **Case No. 1:22-cv-00380** <br><br> **Judge Michael R. Barrett** <br><br> **Magistrate Judge Stephanie K. Bowman** |

**PARTIES' FED. R. CIV. P. 26(f) PLANNING REPORT**

Now come the parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on November 14, 2022.

**A. MAGISTRATE CONSENT:**

The Parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**B. RULE 26(a) DISCLOSURES:**

The Parties will exchange such disclosures by December 2, 2022.

**C. DISCOVERY ISSUES AND DATES:**

    **1. Discovery will need to be conducted on the issues of:**

The parties intend to conduct discovery, including written discovery and depositions, concerning liability and damages concerning all of Plaintiff's claims and Defendants' defenses, including claims against individual defendants and Butler County.

    **2. The parties recommend that discovery:**

    The parties recommend that discovery need not be bifurcated.

3. **Disclosure and report of Plaintiff's experts by:** July 31, 2023.

4. **Disclosure and report of Defendants' experts by:** September 15, 2023.

5. **Disclosure and report of rebuttal experts by:** October 16, 2023.

6. **Disclosure of non-expert (fact) witnesses:** May 1, 2023.

7. **Discovery cutoff:**

   Fact discovery: July 10, 2023
   Expert discovery: December 15, 2023

8. **Anticipated discovery problems:** None at this time.

9. **Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:**

   Plaintiff is open to settlement evaluation at any time during the discovery process. For the purposes of dispositive motions, at this time, Plaintiff anticipates needing to complete paper discovery and depositions of all defendants, Fed. R. Civ. P. 30(b)(6) representative of Butler County, and other witnesses identified in the course of discovery, concerning liability issues for clams against both the individual defendants and Butler County. For trial, Plaintiff anticipates needing to complete all expert discovery if not previously completed, trial depositions of certain witnesses if necessary, and depositions of any additional witnesses identified by any party prior to trial.

   To evaluate the case and prepare for dispositive motions Defendants will need to receive Plaintiff's 26(f) initial disclosures, Defendants also will need to conduct written discovery and depositions concerning liability and damages and complete expert discovery. For trial, Defendants anticipate needing to complete trial depositions of certain witnesses and depositions of any additional witnesses identified by any party prior to trial.

10. **Discovery of Electronically Stored Information:**

    The parties <u>have</u> discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced. <u>At this time, it is unclear whether this case will involve contested issues relating to production of ESI. Should the need arise, the parties will confer to determine the terms of electronic discovery.</u>

- **i. The parties have electronically stored information in the following formats:**

  Word, PDF, audio, video, image, e-mail, and other ESI file types

- **ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

  The parties agree that ESI should be produced with metadata and in native format, to the extent possible, and in easily-read format (e.g., PDF files capturing screenshots of proprietary software and relevant information contained therein).

  The parties otherwise do not anticipate issues relating to disclosure, discovery, or preservation of ESI at this time.

11. **Claims of Privilege or Protection**.

    The parties have not discussed at this time issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    - **i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:**
      None anticipated at this timse.

    - **ii. Have the parties agreed on a procedure to assert such claims AFTER production?**
      Not at this time.

D. **LIMITATIONS ON DISCOVERY:**

   **Changes in the limitations on discovery:**

   Due to the number of witnesses and issues involved in this case, Plaintiff anticipates a need to conduct depositions in excess of the Fed. R. Civ. P. 30 limit of ten per party. Plaintiff asks the Court to grant him leave to take up to 20 depositions in this case without seeking further leave of Court. Defendants do not oppose this request.

E. **PROTECTIVE ORDER:**

   A protective order concerning protections for Plaintiff's medical records will likely be submitted to the Court.

**F. SETTLEMENT**:

A settlement demand has <u>not yet</u> been made.
A demand can be made by <u>February 15, 2023</u>.
A response can be made by <u>March 1, 2023</u>.

**G. MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by <u>January 15, 2023</u>.
2. Motions relative to the pleadings by <u>December 15, 2022</u>.
3. Dispositive motions by <u>January 31, 2024</u>.

**H. OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

Counsel Jacqueline Green for Plaintiff is on maternity leave through January 1, 2023; this leave period has informed the parties' proposed discovery schedule in this matter. Defendants request Plaintiff provides quarterly fee reports.

Respectfully submitted,

| | |
|---|---|
| */ s/ Sarah Gelsomino*<br>Sarah Gelsomino (0084340)<br>Elizabeth Bonham (0093733)<br>FRIEDMAN, GILBERT + GERHARDSTEIN<br>50 Public Square, Suite 1900<br>Cleveland, OH 44113-2205<br>T: 216-241-1430<br>F: 216-621-0427<br>sarah@FGGfirm.com<br>elizabeth@FGGfirm.com<br><br>Jacqueline Greene (0092733)<br>FRIEDMAN, GILBERT + GERHARDSTEIN<br>35 East 7th St Ste 201<br>Cincinnati, Ohio 45202<br>T: 513-572-4200<br>F: 216-621-0427<br>jacqueline@FGGfirm.com<br><br>*Counsel for Plaintiff* | /s/ Melanie J. Williamson<br>Melanie J. Williamson (0079528)<br>Daniel T. Downey (0063753)<br>**FISHEL DOWNEY ALBRECHT & RIEPENOFF LLP**<br>7775 Walton Parkway, Suite 200<br>New Albany, Ohio 43054<br>(614) 221-1216 – Telephone<br>(614) 221-8769 – Facsimile<br>mwilliamson@fisheldowney.com<br>ddowney@fisheldowney.com<br>*Attorneys for Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lageman, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody* |

5

**Certificate of Service**

  I hereby certify that on November 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          */s/ Sarah Gelsomino*
          Sarah Gelsomino (0084340)
          *One of the Attorneys for Plaintiff*