**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Victoria Matthews, Administrator of the Estate of Cody Bohanan, | : | Case No. 1:22-cv-00380 |
| Plaintiffs, | : | Judge Michael R. Barrett<br>Magistrate Judge Stephanie K. Bowman |
| v. | : | ***Jury Demand Endorsed Hereon*** |
| Butler County, *et al.* | : | |
| Defendants. | : | |

---

**ANSWER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(DOC. 24)**

---

Now come Defendants, Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody and Zachary Mitchell by and through counsel, and for their answer to Plaintiff's Complaint herein state as follows:

1.       As to paragraph 1 of Plaintiff's Complaint, the answering Defendants deny that they failed "to provide adequate medical care to Cody Bohanan." Further answering, Defendants deny that Mr. Bohanan was "repeatedly denied the opportunity to be assessed, evaluated, or treated by qualified medical practitioners despite his excruciating pain, obvious physical symptoms and repeated requests for care." As to the remaining allegations contained in paragraph 1 of Plaintiff's Complaint, the answering Defendants aver that the allegations state conclusions, without asserting facts, to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      As to paragraph 2 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      As to paragraph 3 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      As to paragraph 4 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      As to paragraph 5 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      As to paragraph 6 of Plaintiff's Complaint, the answering Defendants deny for want of knowledge the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      As to paragraph 7 of Plaintiff's Complaint, the answering Defendants admit that "Defendant Butler County, Ohio is a unit of local government organized under the laws of the state of Ohio." As to the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge each and every allegation contained in paragraph 7 of Plaintiff's Complaint not specifically admitted herein as true.

8.     As to paragraph 8 of Plaintiff's Complaint, the answering Defendants aver that the allegations are vague and ambiguous and, on that basis, the answering Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     As to paragraph 9 of Plaintiff's Complaint, the answering Defendants admit that Defendant Sheriff Richard K. Jones is and was at all times relevant to this action the duly elected Sheriff of Butler County. As to the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     As to paragraph 10 of Plaintiff's Complaint, the answering Defendants admit that Defendant Dr. Anthony Abdullah is and was at all times relevant to this action employed with Butler County Sheriff Office as Medical Director. As to the remaining allegations contained in paragraph 10 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     As to paragraph 11 of Plaintiff's Complaint, the answering Defendants admit that Defendant Steve Purdy is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a physician assistant. As to the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     As to paragraph 12 of Plaintiff's Complaint, the answering Defendants admit that Defendant Brian Ruhl is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a medical administrator. As to the remaining allegations contained in paragraph 12 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     As to paragraph 13 of Plaintiff's Complaint, the answering Defendants admit that Defendant Carla Estep is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a medical supervisor. As to the remaining allegations contained in paragraph 13  of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     As to paragraph 14 of Plaintiff's Complaint, the answering Defendants admit that Defendant Timothy Vaughn is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a medical supervisor. As to the remaining allegations contained in paragraph 14  of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     As to paragraph 15 of Plaintiff's Complaint, the answering Defendants admit that Defendant Jamie Pearson is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a paramedic. As to the remaining allegations contained in paragraph 15

of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     As to paragraph 16 of Plaintiff's Complaint, the answering Defendants admit that Defendant Megan Biegel was at all times relevant to this action employed with the Butler County Sheriff's Office as a paramedic. As to the remaining allegations contained in paragraph 16 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     As to paragraph 17 of Plaintiff's Complaint, the answering Defendants admit that Defendant Brandon Wood is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 17 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     As to paragraph 18 of Plaintiff's Complaint, the answering Defendants admit that Defendant Aaron Green is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 18 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the

answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19.    As to paragraph 19 of Plaintiff's Complaint, the answering Defendants admit that Defendant Christopher Benoit is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 19  of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    As to paragraph 20 of Plaintiff's Complaint, the answering Defendants admit that Defendant Brenden Kelly was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 20 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.    As to paragraph 21 of Plaintiff's Complaint, the answering Defendants admit that Defendant James Guard is and was at all times relevant to this action employed with the Butler County Sheriff's Office a corrections officer. As to the remaining allegations contained in paragraph 21 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     As to paragraph 22 of Plaintiff's Complaint, the answering Defendants admit that Defendant Billy McGuire is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 22 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     As to paragraph 23 of Plaintiff's Complaint, the answering Defendants admit that Defendant Tara Ghalley is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 23 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     As to paragraph 24 of Plaintiff's Complaint, the answering Defendants admit that Defendant Joshua Langmann is and was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 24 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     As to paragraph 25 of Plaintiff's Complaint, the answering Defendants admit that Defendant Keifer Moody was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 25

of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     As to paragraph 26 of Plaintiff's Complaint, the answering Defendants admit that Defendant Zachary Mitchell was at all times relevant to this action employed with the Butler County Sheriff's Office as a corrections officer. As to the remaining allegations contained in paragraph 26 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     As to paragraph 27 of Plaintiff's Complaint, the answering Defendants admit that Cody Bohanan was sentenced in the City of Fairfield Municipal Court to 60 days for possession of drug abuse instruments. Defendants also admit Mr. Bohanan was 24 years old.

28.     As to paragraph 28 the answering Defendants admit the Fairfield Police Department transported Mr. Bohanan to the Butler County Jail on July 1, 2021. Further answering, the Defendants deny for want of knowledge the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     As to paragraph 29 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan was booked into the Butler County Jail. Further answering, Defendants aver that the remaining allegations contained in paragraph 29 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the remaining allegations contained in paragraph 29 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County

8

Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that on the Medical Screening form for Mr. Bohanan the answer to question #8 "In the past 6 months have you used other drugs (pot, coke, heroin or other opioids, uppers/downers, hallucinogens or inhalants)", the answer noted is "yes, heroin, fentonyl [sic]" The answering Defendants deny any remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     As to paragraph 30 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan was booked into the Butler County Jail. Further answering, Defendants aver that the remaining allegations contained in paragraph 30 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the remaining allegations contained in paragraph 30 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that on the Medical Screening form for Mr. Bohanan the answer to question #8 "In the past 6 months have you used other drugs (pot, coke, heroin or other opioids, uppers/downers, hallucinogens or inhalants)", the answer noted is "yes, heroin, fentonyl [sic]" The answering Defendants deny any remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     As to paragraph 31 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan died on July 5, 2021. The answering Defendants deny the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     As to paragraph 32 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 32.

33.     As to paragraph 33 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 33 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that officers Benoit, Wood, Lagemann, Ghalley, Green, McGuire, Kelly, Guard, Moody and Mitchell completed rounds in E-block. The answering Defendants deny the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     As to paragraph 34 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     As to paragraph 35 of Plaintiff's Complaint, the answering Defendants admit that on or about July 2, 2021 Mr. Bohanan vomited on his uniform and Defendant Green allowed Cody to take a shower when it was not his rec time and obtain a clean uniform. The answering Defendants deny the remaining allegations in paragraph 35 of Plaintiff's Complaint.

36.     As to paragraph 36 of Plaintiff's Complaint, the answering Defendants admit that Defendant Green allowed Mr. Bohanan to shower when it was not his rec time. The answering Defendants further admit that Mr. Bohanan refused several direct commands to leave the shower. The answering Defendants deny the remaining allegations in paragraph 36 of Plaintiff's Complaint.

37.     As to paragraph 37 of Plaintiff's Complaint, the answering Defendants admit that Defendant Green placed Mr. Bohanan in an escort position, assisted Mr. Bohanan with getting dressed in his uniform, and escorted Mr. Bohanan back to his cell. The answering Defendants deny the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38.      As to paragraph 38 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 38 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding Mr. Bohanan's incarceration at the Butler County Jail, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that Defendant Green documented his interaction with Mr. Bohanan. The answering Defendants deny the remaining allegations in paragraph 38 of Plaintiff's Complaint.

39.      As to paragraph 39 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives  that Mr. Bohanan left towels with vomit on them on the floor. The answering Defendants deny the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40.      As to paragraph 40 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives regarding Mr. Bohanan's attempt to seek medical care. The answering Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41.      As to paragraph 41 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives that Mr. Bohanan puked at least twelve times. The answering Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42.      As to paragraph 42 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler

County Sheriff's Office detectives that a corrections officer dragged Mr. Bohanan off the floor and placed him back in his bunk. The answering Defendants deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43. As to paragraph 43 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan was seen by a paramedic the morning of July 3, 2021. The answering Defendants deny the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44. As to paragraph 44 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 44 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that the intake screening for Mr. Bohanan indicates "inmate notes he is withdrawing from opiates and etoh." The answering Defendants deny the remaining allegations contained in paragraph 44 of Plaintiff's Complaint.

45. As to paragraph 45 of Plaintiff's Complaint, the answering defendants admit only that withdrawing from drugs and alcohol can be a serious medical need.

46. As to paragraph 46 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 46 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that Mr. Bohanan stated that his cellmate punched him one time on the left side of his face. Defendants also admit that Pearson noted Mr. Bohanan had no bruising,

marks, swelling or lacerations to the left side of his face. The answering Defendants deny the remaining allegations in paragraph 46 of Plaintiff's Complaint.

47.     As to paragraph 47 of Plaintiff's Complaint, the answering Defendants admit only that a head injury can be a serious medical need.

48.     As to paragraph 48 of Plaintiff's Complaint, the answering Defendants aver that the allegation are vague and ambiguous, and, on that basis, the answering Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     As to paragraph 49 of Plaintiff's Complaint, the answering Defendants aver that Mr. Bohanan's cellmate took the top bunk. The answering Defendants deny the remaining allegations for paragraph 49.

50.     As to paragraph 50 of Plaintiff's Complaint, the answering Defendants admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives that  Mr. Bohanan puked blood. The answering Defendants deny the remaining allegations for paragraph 50.

51.     As to paragraph of 51 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 51.

52.     As to paragraph 52 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 52.

53.     As to paragraph 53 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 53 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the

answering Defendants admit that a paramedic assessed Mr. Bohanan and monitored his vitals on July 4, 2021. The answering Defendants deny the remaining allegations of paragraph 53.

54.     As to paragraph 54 of Plaintiff's Complaint, the answering Defendants admit Mr. Bohanan's final cellmate indicated that he observed Mr. Bohanan change sleeping positions. The answering Defendants deny the remaining allegations of paragraph 54.

55.     As to paragraph 55 of Plaintiff's Complaint, the answering Defendant admit that in the course of the death investigation a cellmate made uncorroborated statements to Butler County Sheriff's Office detectives indicating the cellmate asked a correction officer during recreation time if there was anything he could do for Mr. Bohanan, that Mr. Bohanan "has not touched a bit food, he has not ate one time, he has not drank anything, he's not done nothing."

56.     As to paragraph 56 of Plaintiff's Complaint,  the answering Defendants deny the allegations in paragraph 56.

57.     As to paragraph 57 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 57.

58.     As to paragraph 58 of Plaintiff's Complaint, the answering Defendants admit the allegations in paragraph 58.

59.     As to paragraph 59 the answering Defendants aver that Defendant Mitchell asked Cody's cellmate if he was having a bad day. Further answering, the answering Defendants deny the remaining allegations of paragraph 59.

60.     As to paragraph 60 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 60 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the

14

answering Defendants admit that on or about July 5 at 11:24 a.m.  Defendant Paramedic Megan Biegel recorded Mr. Bohanan's vital signs.

61.     As to paragraph 61 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 61 of Plaintiff's Complaint reference material maintained by the Butler County Sheriff's Office regarding the care of Mr. Bohanan, such material speaks for itself and no response is required. To the extent a response is required, the answering Defendants admit that Paramedic Biegel assessed Mr. Bohanan while he was seated on the cell floor. The answering Defendants deny the remaining allegations of paragraph 61.

62.     As to paragraph 62 of Plaintiff's Complaint, the answering Defendants admit that Mr. Bohanan indicated that he was detoxing from opiates and alcohol, vomiting and had diarrhea. Defendants further admit Mr. Bohanan had a measured pulse of 130. The answering Defendants deny the remaining allegations of paragraph 62.

63.     As to paragraph 63 the answering Defendants admit that Defendant Mitchell accompanied Defendant Biegel to the door of Cody's cell. The answering Defendants deny the remaining allegations contained paragraph 63 of Plaintiff's Complaint.

64.     The answering Defendants admit that Defendant Mitchell observed a little bit of black phlegm on Cody's uniform and that Cody appeared lethargic. The answering Defendants aver that the remaining allegations are vague and ambiguous, and, on that basis, the answering Defendants deny the remaining allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     As to paragraph 65 of Plaintiff's Complaint, the answering Defendants deny the allegations in paragraph 65.

66.     As to paragraph 66 of Plaintiff's Complaint, the answering Defendants admit only that Mr. Bohanan was not referred to or seen by a doctor. The answering Defendants aver that the

remaining allegations are vague and ambiguous, and, on that basis, the answering Defendants deny the remaining allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     As to paragraph 67 the answering Defendants admitted that on or about 11:04 p.m. on July 5, Corrections Officer Brandon Wood began rounds to pass out shaving razors.

68.     As to paragraph 68 of Plaintiff's Complaint, the answering Defendants admit that a jail tour group completed security rounds. The answering Defendants deny the remaining allegations of paragraph 68.

69.     As to paragraph 69 of Plaintiff's Complaint, the answering Defendants admit the allegations in paragraph 69.

70.     As to paragraph 70 of Plaintiff's Complaint, the answering Defendants admit that Officer Wood radioed for medical assistance and corrections officers performed CPR on Mr. Bohanan. The answering Defendants deny the remaining allegations of paragraph 70.

71.     As to paragraph 71 of Plaintiff's Complaint, the answering Defendants admit Paramedic Ricke noted Mr. Bohanan had cold pale skin.

72.     As to paragraph 72 of Plaintiff's Complaint, the answering Defendants admit the allegations in paragraph 72.

73.     As to paragraph 73 of Plaintiff's Complaint, the answering Defendants admit the City of Hamilton Fire Department arrived at approximately 11:33 pm and subsequently took over Mr. Bohanan's care.

74.     As to paragraph 74  the answering Defendants admit that after attempting life-saving actions, the Hamilton paramedics, through medical control, pronounced Mr. Bohanan dead at approximately 11:50 pm on July 5, 2021.

75.     As to paragraph 75 of Plaintiff's Complaint, the answering Defendants admit only that the coroner opined that the cause of death of Mr. Bohanan was complications of chronic substance use. The answering Defendants deny the remaining allegations of paragraph 75.

76.     As to paragraph 76 of Plaintiff's Complaint, the answering Defendants deny the allegations of paragraph 76.

77.     As to paragraph 77 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 77 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 77.

78.     As to paragraph 78 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.     As to paragraph 79 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.     As to paragraph 80 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.     As to paragraph 81 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.     As to paragraph 82 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     As to paragraph 83 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     As to paragraph 84 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.     As to paragraph 85 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.     As to paragraph 86 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     As to paragraph 87 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     As to paragraph 88 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.     As to paragraph 89 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     As to paragraph 90 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

91.     As to paragraph 91 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     As to paragraph 92 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     As to paragraph 93 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 93 of Plaintiff's Complaint.

94.     As to paragraph 94 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 94 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 94.

95.     As to paragraph 95 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 95 of Plaintiff's Complaint.

96. As to paragraph 96 of Plaintiff's Complaint, the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 96.

97. As to paragraph 97 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98. As to paragraph 98 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99. As to paragraph 99 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 99 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 99.

100. As to paragraph 100 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 100 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 100.

101. As to paragraph 101 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required the answering Defendants deny the allegations contained in paragraph 101 of Plaintiff's Complaint including all subparts.

102. As to paragraph 102 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

103.     As to paragraph 103 of Plaintiff's Complaint, the answering Defendants admit that inmate Diann Pink died while in the Butler County Jail. The answering Defendants also admit that the coroner opined that the cause of death of Ms. Pink was complications of chronic opioid use.

104.     As to paragraph 104 the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105.     As to paragraph 105 the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106.     As to paragraph 106 of Plaintiff's Complaint, the answering Defendants aver that the allegations are vague and ambiguous, and, on that basis, deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

107.     As to paragraph 107 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 107 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 107.

108.     As to paragraph 108 of Plaintiff's Complaint, the answering Defendants admit only that Mr. Bohanan was not personally seen or personally treated by a medical doctor while at the jail.

109.     As to paragraph 109 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 109 of Plaintiff's Complaint.

110.     As to paragraph 110 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 110 of Plaintiff's Complaint.

111.     As to paragraph 111 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.     As to paragraph 112 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

113.     As to paragraph 113 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.     As to paragraph 114 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.     As to paragraph 115 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 115 of Plaintiff's Complaint.

116.     As to paragraph 116 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 116 of Plaintiff's Complaint.

117.     As to paragraph 117 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint.

118.     As to paragraph 118 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.     As to paragraph 119 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.     As to paragraph 120 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.     As to paragraph 121 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.     As to paragraph 122 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 122 of Plaintiff's Complaint.

123. As to paragraph 123, the answering Defendants restate their answers to paragraphs 1 through 122 as if fully rewritten herein.

124. As to paragraph 124 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 124 of Plaintiff's Complaint.

125. As to paragraph 125 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 125 of Plaintiff's Complaint.

126. As to paragraph 126 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint.

127. As to paragraph 127 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 127 of Plaintiff's Complaint.

128. As to paragraph 128 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 128 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 128.

129. As to paragraph 129 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 129 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 129.

130. As to paragraph 130 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.    As to paragraph 131 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 131 of Plaintiff's Complaint.

132.    As to paragraph 132 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 132 of Plaintiff's Complaint including all subparts.

133.    As to paragraph 133 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

134.    As to paragraph 134 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.    As to paragraph 135 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 135 of Plaintiff's Complaint.

136.    As to paragraph 136 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 136 of Plaintiff's Complaint.

137.    As to paragraph 137 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 137 of Plaintiff's Complaint.

138.    As to paragraph 138 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 138 of Plaintiff's Complaint.

139.    As to paragraph 139 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 139 of Plaintiff's Complaint.

140.     As to paragraph 140 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 140 of Plaintiff's Complaint.

141.    As to paragraph 141 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 141 of Plaintiff's Complaint.

142.    As to paragraph 142 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 142 of Plaintiff's Complaint.

143.    As to paragraph 143 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 143 of Plaintiff's Complaint.

144.    As to paragraph 144, the answering Defendants restate their answers to paragraphs 1 through 143 as if fully rewritten herein.

145.    As to paragraph 145 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 145 of Plaintiff's Complaint.

146.    As to paragraph 146 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 146 of Plaintiff's Complaint.

147.    As to paragraph 147 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 147 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 147.

148.    As to paragraph 148 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 148 of Plaintiff's Complaint.

149.    As to paragraph 149 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 149 of Plaintiff's Complaint.

150.    As to paragraph 150, the answering Defendants restate their answers to paragraphs 1 through 149 as if fully rewritten herein.

151.    As to paragraph 151 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 151 of Plaintiff's Complaint.

152.    As to paragraph 152 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 152 of Plaintiff's Complaint.

153.    As to paragraph 153 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 153 of Plaintiff's Complaint.

154.    As to paragraph 154 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 154 of Plaintiff's Complaint.

155.    As to paragraph 155 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 155 of Plaintiff's Complaint.

156.    As to paragraph 156 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 156 of Plaintiff's Complaint.

157.    As to paragraph 157 the answering Defendants restate their answers to paragraphs 1 through 156 as if fully rewritten herein.

158.    As to paragraph 158 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Further answering, Defendants aver that the remaining allegations of paragraph 158 state legal conclusions to which no response is required, and, on that basis, the answering Defendants deny the remaining allegations of paragraph 158.

159.    As to paragraph 159 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 159 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 159.

160.    As to paragraph 160 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 160 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 160.

161.     As to paragraph 161 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 161 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 161.

162.     As to paragraph 162 of Plaintiff's Complaint, the answering Defendants aver that they act in compliance with the constitution and applicable state laws and regulations. Defendants aver that the remaining allegations of paragraph 162 state legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations of paragraph 162.

163.     As to paragraph 163 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 163 of Plaintiff's Complaint.

164.     As to paragraph 164 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 164 of Plaintiff's Complaint.

165.     As to paragraph 165 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 165 of Plaintiff's Complaint.

166.     As to paragraph 166 the answering Defendants restate their answers to paragraphs 1 through 165 as if fully rewritten herein.

167.     As to paragraph 167 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 167 of Plaintiff's Complaint.

168.     As to paragraph 168 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 168 of Plaintiff's Complaint.

169.     As to paragraph 169 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 169 of Plaintiff's Complaint.

170.     As to paragraph 170 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 170 of Plaintiff's Complaint.

171.    As to paragraph 171 the answering Defendants restate their answers to paragraphs 1 through 170 as if fully rewritten herein.

172.    As to paragraph 172 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 172 of Plaintiff's Complaint.

173.    As to paragraph 173 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 173 of Plaintiff's Complaint.

174.    As to paragraph 174 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 174 of Plaintiff's Complaint.

175.    As to paragraph 175 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 175 of Plaintiff's Complaint.

176.    As to paragraph 176, the answering Defendants restate their answers to paragraphs 1 through 175 as if fully rewritten herein.

177.    As to paragraph 177 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 177 of Plaintiff's Complaint.

178.    As to paragraph 178 of Plaintiff's Complaint, the answering Defendants deny the allegations contained in paragraph 178 of Plaintiff's Complaint.

179.    As to paragraph 179 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 179 of Plaintiff's Complaint.

180.    The answering Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein as true.

**FIRST DEFENSE**

181.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

27

## SECOND DEFENSE

182.    Plaintiff and/or the decedent, Cody Bohanan, has or may have failed to exhaust all administrative remedies.

## THIRD DEFENSE

183.    Decedent Cody Bohanan's conduct, in whole or in part, bars Plaintiff's claims for relief.

## FOURTH DEFENSE

184.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of consent.

## FIFTH DEFENSE

185.    Plaintiff's claims are barred because the decedent, Cody Bohanan, assumed the risk of the injuries that are alleged to exist.

## SIXTH DEFENSE

186.    Plaintiff is barred from relief due to the extent and degree of the decedent's negligence.

## SEVENTH DEFENSE

187.    Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

## EIGHTH DEFENSE

188.    Plaintiff's claims may be barred by her failure to join any party or parties under Rule 19 and/or 19.1.

## NINTH DEFENSE

189.    Plaintiff's claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which he prays, or  because this matter as brought is non-justiciable.

**TENTH DEFENSE**

190.    Plaintiff's claims for damages may be barred, in whole or in part, by prior to, subsequent intervening or superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom the answering Defendants had no control or right of control.

**ELEVENTH DEFENSE**

191.    The answering Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

**TWELFTH DEFENSE**

192.    Plaintiff's claims against the answering Defendants are expressly subject to, barred or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

**THIRTEENTH DEFENSE**

193.    Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against the answering Defendants.

**FOURTEENTH DEFENSE**

194.    Plaintiff's claims for punitive damages cannot be sustained because the conduct of the answering Defendants did not show complete indifference to or conscious disregard for the safety of others.

**FIFTEENTH DEFENSE**

195.    Plaintiff's claims for punitive damages are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

**SIXTEENTH DEFENSE**

196.     To the extent Plaintiff seeks punitive damages or exemplary damages against the answering Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

**SEVENTEENTH DEFENSE**

197.     The answering Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

**EIGHTEENTH DEFENSE**

198.     Plaintiff is barred from relief because the answering Defendants acted in good faith.

**NINETEENTH DEFENSE**

199.     Plaintiff is barred from relief because the answering Defendants acted lawfully at all times.

**TWENTIETH DEFENSE**

200.     Plaintiff's claims against the answering Defendants may be expressly subject to, barred, or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

**TWENTY-FIRST DEFENSE**

201.     Plaintiff's claims may be impacted by the Prison Litigation Reform Act, including any authorization of attorney's fees.

**TWENTY-SECOND DEFENSE**

202.     The answering Defendants are entitled to a limitation on damages pursuant to Ohio Revised Code §2323.43 *et seq.*

**TWENTY-THIRD DEFENSE**

203.     Some or all of the answering Defendants are not sui juris.

## **TWENTY-FOURTH DEFENSE**

204.    The answering Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendants Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody and Zachary Mitchell demand that Plaintiff's claims against these Defendants be dismissed in their entirety and with prejudice.

Respectfully Submitted,

s/ Daniel T. Downey
Melanie J. Williamson (0079528)
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
mwilliamson@fisheldowney.com
*Attorneys for Butler County, Sheriff Richard K. Jones, Dr. Anthony Abdullah, Steve Purdy, Brian Ruhl, Carla Estep, Timothy Vaughan, Jamie Pearson, Megan Biegel, Brandon Wood, Aaron Green, Christopher Benoit, Joshua Lagemann, Brenden Kelly, James Guard, Billy McGuire, Tara Ghalley, Keifer Moody and Zachary Mitchell*

31

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues herein triable.

<div style="margin-left:40%">

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Butler County, Sheriff Richard K.*
*Jones, Dr. Anthony Abdullah, Steve Purdy, Brian*
*Ruhl, Carla Estep, Timothy Vaughan, Jamie*
*Pearson, Megan Biegel, Brandon Wood, Aaron*
*Green, Christopher Benoit, Joshua Lagemann,*
*Brenden Kelly, James Guard, Billy McGuire, Tara*
*Ghalley, Keifer Moody and Zachary Mitchell*

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ***Answer of Defendants to Plaintiff's Amended Complaint*** was served, via the Court's CM/ECF system, upon all counsel this 19th day of September 2023.

<div style="margin-left:40%">

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Butler County, Sheriff Richard K.*
*Jones, Dr. Anthony Abdullah, Steve Purdy, Brian*
*Ruhl, Carla Estep, Timothy Vaughan, Jamie*
*Pearson, Megan Biegel, Brandon Wood, Aaron*
*Green, Christopher Benoit, Joshua Lagemann,*
*Brenden Kelly, James Guard, Billy McGuire, Tara*
*Ghalley, Keifer Moody and Zachary Mitchell*

</div>